**Torben M. Welch**
**Defendant *Pro Se****
**138 E 12300 S Suite C-1040**
**Draper, Utah 84020**
**(435) 244-6339**
**tmwpc@proton.me**

**Licensed to Practice Law in New York,*
*Appearing here pro se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITY AND EXCHANGE COMMISSION,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CHARLES J. COLE,**<br>**TORBEN M. Welch,**<br>**BEACON HEART, LLC,**<br>**HEART OF HUMANITY, LLC and**<br>**AVRANOC, LLC,**<br><br>**Defendants,**<br><br>**and**<br><br>**THE INDIGENOUS NATIONS BANK,**<br>**DEREK A. THEISS, and**<br>**BARRY R. TAYLOR,**<br><br>**Relief Defendants.** | **ANSWER TO COMPLAINT**<br><br>**CASE NO. 1:26-cv-4945-VSB**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT TORBEN M. WELCH

Defendant Torben M. Welch, appearing *pro se* ("Defendant"), does hereby respond to the Complaint filed by the United States Securities and Exchange Commission (the "Plaintiff") as follows:

## ANSWER

### *Summary*

1-5. As to Paragraphs 1-5, such statements are Plaintiff's own summary and narrative of this case to which no response is required. To the extent any statements contained with Paragraph 1 are deemed to contain allegations against Defendant, Defendant denies the same.

### *Violations*

6. Paragraph 6 of the Complaint is a recitation of statutory law and interpretive rules. Defendant denies that it violated any such section or aided and abetted any co-defendant's violation of the same.

7. Paragraph 7 is a conclusory statement to which no response is required. To the extent any statements contained in Paragraph 7 are deemed to contain allegations against Defendant, Defendant denies the same.

### *Nature of the Proceeding and Relief Sought*

8-9. Paragraphs 8 and 9 are conclusory statements to which no response is required. To the extent any statements contained in Paragraphs 8 and 9 are deemed to contain allegations against Defendant, Defendant denies the same.

### *Jurisdiction and Venue*

10. Defendant admits that the Court has jurisdiction over this matter.

11. Defendant denies the statements contained in Paragraph 11.

12. Defendant denies that venue is proper in this district and reserves all rights related to venue concerning the allegations raised in the Complaint.

***Defendants***

13. The allegations set forth in Paragraph 13 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

14. As to the allegations of Paragraph 14, Defendant admits the stated age and residence in Utah. Defendant further admits he is licensed to practice law in Utah, Colorado and New York. Defendant denies the remaining allegations set forth in Paragraph 14.

15-17. The allegations set forth in Paragraphs 15-17 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

***Relief Defendants***

18-20. The allegations set forth in Paragraphs 18-20 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

***Other Relevant Entities***

21-22. As to the information contained in Paragraphs 21 and 22, Defendant is without sufficient information related to such allegations and therefore denies the same.

***The Fradulent Scheme***

23-24. As to the allegations contained in Paragraphs 23 and 24, Defendant was not involved in any such discussions. Accordingly, Defendant is without sufficient information related to such allegations and therefore denies the same.

25. As to the allegations contained in Paragraph 25, Defendant denies that it "convinced" Infinite Reality that Cole had sufficient funds to make the investments as Defendant had no contact with Infinite Reality until after the subscription agreements in question were agreed

by Infinite Reality in the fall of 2024. Defendant denies all other allegations contained in Paragraph 25.

26. The allegations set forth in Paragraph 26 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

27. As to the allegations contained in Paragraph 27, Defendant denies that any such documents were "fabricated or misleading" or that any video was authorized for any purpose other than related to its contents on such particular date as known at that time by Defendant. Defendant further states that, upon information and belief, he did not authorized the delivery of any communication or video to Infinite Reality and the same was not intended to be relied upon by Infinite Reality. Furthermore, it appears from this allegation that even if Infinite Reality received any alleged documentation or video in November 2024, such receipt was *AFTER* the subscription agreements for the Infinite Reality shares were executed by co-defendants in September 2024, as alleged by the Plaintiff in Paragraph 36, making any *reliance* on the same false. Defendant denies all other allegations contained in Paragraph 26.

28. As to the allegations contained in Paragraph 28, Defendant does not have context regarding this "letter" and is therefore without sufficient information related to such allegations and therefore denies the same. However, as noted in Defendant's response to Paragraph 27 hereinabove, upon information and belief Defendant did not authorize or deliver any communication to Infinite Reality regarding the same.

29. As to the allegations contained in Paragraph 29, Defendant denies the same. Counsel for the Plaintiff, who undertook the investigation leading up to the filing of the Complaint, have received all direct communication between Defendant that the apparent entities noted therein verifying the information and upon which Defendant was entitled to rely.

30. As to the allegations contained in Paragraph 30, Defendant denies the same. As noted in Paragraph 29, counsel for the Plaintiff received such communication and emails between the named entity delivering the communication and met in person with the same. The address noted in the letter was the address received from the entity, who continues to maintain a presence in Washington, D.C. and online.

31. The allegations set forth in Paragraph 26 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

32. As to the allegations contained in Paragraph 32, Defendant denies the same. As noted in Paragraph 29, counsel for Plaintiff received all such communication between the Defendant and the various entities related to verification of the same. While transactions may be "unconventional" or "complex," counsel for Plaintiff's confusion regarding the same does not mean the same were false.

33. As to the allegations contained in Paragraph 33, Defendant denies the same. Upon information and belief, at no time was "Titan Financial" ever considered to be or represented to be a "financial institution;" rather, it was a private family office with a server holding a variety of assets which showed on ledgers. Upon information and belief, the asset noted in the account balance was not "fictious" and represented an asset controlled by co-Defendant. Furthermore, and as noted in Paragraph 28, the video was not intended for or authorized for receipt by Infinite Reality. Such video was made at the request of a financial partner of co-Defendant to simply confirm *as of the date in question* there was no change to the asset.

34. As to the allegations contained in Paragraph 34, Defendant denies the same. Upon information and belief, and as the allegation itself confirms, at no time was the asset *ever* referred to as "cash" in such video; furthermore, as noted in Paragraph 33 hereinabove, the video was for a very limited and specific purpose and not for any purported use that would render it "reckless" for Infinite Reality's reliance.

35. Defendant denies the allegations contained in Paragraph 35. As noted in Defendant's response to the allegations set forth in Paragraph 27, even if Infinite Reality received such information in November of 2024 (for which Defendant denies and for which Infinite Reality was not authorized to receive), such information *COULD NOT* have been relied on by Infinite Reality in issuing shares to co-Defendant as the subscription agreement was executed in September 2024 – some *two* months prior. Such allegation itself is non-sensical and contrary to information counsel for Plaintiff has in its possession.

36. The allegations set forth in Paragraph 36 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same. Upon information and belief, the relevant parties for Infinite Reality contacted co-Defendant to assist in a financial raise as they had announced a raise which was then fraudulent. Upon information and belief, such parties issued shares despite co-Defendant's multiple statements that the asset in question was not immediately available in cash and Infinite Reality agreed to issue the shares fully aware of the same. Upon information and belief, co-Defendant initially asked that the shares *not be issued* until the funds were delivered; however Infinite Reality's representatives insisted to issue the shares which, upon information and belief, was designed to make Infinite Reality's prior statements concerning the raise from the parties referenced in Paragraph XXXX true. Furthermore, and upon information and belief, Infinite Reality did not set any deadline for payment

in the subscription agreements or in the subsequent agreement between the co-Defendants and Infinite Reality in September 2025 regarding the issued shares and funds. Upon information and belief, there was no default by co-Defendants.

37. The allegations set forth in Paragraph 37 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same. Upon information and belief, Infinite Reality insisted on the account referenced in order to show an asset.

38-41. Defendant is without sufficient information related to the allegations contained in Paragraph 38-41 and therefore denies the same. Nevertheless, and upon information and belief, and as set forth in documentation previously provided to counsel for the Plaintiff, Defendant had spoken directly to the president, counsel and representatives of such "Malaysian Investment Bank" who confirmed that the accounts were open and "funded."

42. Defendant denies the allegations set forth in Paragraph 42. As noted, upon information and belief, Defendant did not authorized delivery of any letter or video to Infinite Reality and did not intend for Infinite Reality to rely on the same in December of 2024, especially considering the video was created for a specific purpose for a limited time frame.

43. Defendant denies the allegations set forth in Paragraph 43. It appears the intent of the allegations is fabricate a claim that Defendant was involved in anything more than providing information received from a client based upon information known at the time.

44. Defendant denies the allegations set forth in Paragraph 44. As noted in the response to Paragraphs 38-41, counsel for Plaintiff has received documentation evidencing communications with representatives of the "Malaysian Investment Bank" including the president and its U.S. based counsel.

45-46. Defendant denies the allegations set forth in Paragraph 45 and 46.

47. Defendant denies the allegations set forth in Paragraph 47. The implication here is that Defendant received transfers of funds at Defendant's former law firm. As noted in documentation previously provided to counsel for Plaintiff, such communication indicated that co-Defendant had *initiated* transfers. Upon information this was correct – co-Defendant had informed that transfers had been initiated and Defendant was awaiting documentation to confirm the transfers had been completed – the only material thing that mattered.

48. Defendant denies the allegations set forth in Paragraph 48. As noted in the response to Paragraph 47, Plaintiff is creating a narrative from information that simply does not exist and contradicts information in its possession. At no time did Defendant *ever* inform Infinite Reality or others that it had received any funds whatsoever.

49. Defendant denies the allegations set forth in Paragraph 49. As noted in the responses to Paragraph 47 and 48, Defendant noted that it would provide confirmation upon receipt, but made no further representations. Again, it should be noted that this alleged date is February 5, 2025 – months after the subscription agreement and issuance of the shares as noted in Paragraph 42. As referenced above, upon information and belief Infinite Reality was well aware of the status of co-Defendants asset and issued the shares in advance of the funds for its own purposes.

50. Defendant denies the allegations set forth in Paragraph 50.

51. Defendant denies the allegations set forth in Paragraph 51. Upon information and belief, and noted in documentation in possession of counsel for Plaintiff, the transfer to the Infinite Reality account happened well in advance of February 2025. In fact, as noted in paragraphs 41, 42 and 43, the Plaintiff alleged this happen in December 2024.

52. The allegations set forth in Paragraph 52 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

53. Defendant is without sufficient information related to the allegations in Paragraph 53 and therefore denies the same.

54. Defendant is without sufficient information related to the allegations in Paragraph 54 and therefore denies the same. Upon information and belief, Infinite Reality continues to request updates from co-Defendants and/or other third-parties regarding the same and counsel for Infinite Reality contacted co-Defendant in late March or April 2026 providing new bank account information for receipt of the funds.

55. Defendant denies the allegations contained in Paragraph 55. Upon information and belief, and based upon documentation in possession of counsel for Plaintiff, co-Defendant Cole was not a borrower on the loan, but rather a pledgor who only guaranteed repayment if the principal borrowers defaulted under the note.

56. Defendant denies the allegations contained in Paragraph 56. While Defendant may have reviewed the lending agreement, it was drafted by other parties. Upon information and belief, any documentation provided was related to the shares. Furthermore, and upon information and belief, the lender was not "induced" to make the loan not based upon such pledge, but rather did so to procure a commitment from the co-borrower for issuance of a line of credit.

57. Defendant admits that Defendant, through its former law firm, reluctantly received the loan proceeds as required by the lender who did not want to deliver to proceeds elsewhere. Defendant admits it was authorized by the lender to disburse the loan proceeds at the direction of

co-Defendant, such authorization from lender in writing previously provided to counsel for Plaintiff. Defendant denies all other allegations contained in Paragraph 57.

58. The allegations set forth in Paragraph 58 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same. Upon information and belief, the "cash" received was loan proceeds for which no express purposes was documented. Consideration for the same would have been in the form of an extremely short-term interest rate, which may be usurious.

59. Defendant denies the allegations in Paragraph 59. As noted previously, Defendant was expressly authorized by lender to disburse the funds at the direction of co-Defendant.

60. Defendant is without sufficient information related to the allegations in Paragraph 60 and therefore denies the same. Upon information and belief, payment on the loan was to be made by the principal co-Borrower and not co-Defendant Cole. Further, and upon information and belief, in October 2025 lender and co-Borrower entered into a confession of judgment related to the default.

**FIRST CLAIM FOR RELIEF**
(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by Cole and Welch)

61. Paragraph 61 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 61 is deemed to be an allegation directed to Defendant, Defendant denies the same.

62-63. Defendant denies the allegations contained in Paragraphs 62-63.

**SECOND CLAIM FOR RELIEF**
(Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b) and (c) thereunder by Beacon Heart, Heart of Humanity and Avranoc)

64. Paragraph 64 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 64 is deemed to be an allegation directed to Defendant, Defendant denies the same.

65-66. The allegations contained in Paragraphs 65 and 66 are not directed to Defendant. To the extent the same are deemed allegations against Defendant, Defendant denies the same.

**THIRD CLAIM FOR RELIEF**
(Violations of Section 17(a) of the Securities Act by Cole)

67. Paragraph 67 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 67 is deemed to be an allegation directed to Defendant, Defendant denies the same.

68-69. The allegations contained in Paragraphs 68 and 69 are not directed to Defendant. To the extent the same are deemed allegations against Defendant, Defendant denies the same.

**FOURTH CLAIM FOR RELIEF**
(Violations of Section 17(a) of the Securities Act by Welch)

70. Paragraph 70 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 70 is deemed to be an allegation directed to Defendant, Defendant denies the same.

71-72. Defendant denies the allegations contained in Paragraphs 71-72.

**FIFTH CLAIM FOR RELIEF**
(Aiding and Abetting Violations of Section 17(a)(2) of the Securities Act by Welch)

73. Paragraph 73 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 73 is deemed to be an allegation directed to Defendant, Defendant denies the same.

74-76. Defendant denies the allegations contained in Paragraphs 74-76.

**SIXTH CLAIM FOR RELIEF**
(Unjust Enrichment Against Relief Defendants)

77. Paragraph 77 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 77 is deemed to be an allegation directed to Defendant, Defendant denies the same.

78-81. The allegations contained in Paragraphs 78-81 are not directed to Defendant. To the extent the same are deemed allegations against Defendant, Defendant denies the same.

**Defendant denies each and every allegation in the Complaint not specifically, expressly and unequivocally admitted in this Answer.**

## AFFIRMATIVE AND OTHER DEFENSES

a. The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted under Section 10(b) of the Exchange Act, Rules 10b-5(b) or 10b-5(c) thereunder, Section 17(a) of the Securities Act, or under a theory of aiding and abetting.

b. Plaintiff's claims may be barred by the applicable statutes of limitation.

c. Plaintiff's claims are barred to the extent precluded by the contractual documents between the parties at issue.

d. The allegations and any resultant violations complained of by Plaintiff may have been caused by third persons, events or condition not under the control or supervision of Defendant.

e. Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, acquiescence, waiver, conversion and unclean hands.

f. Plaintiff's claims are barred, in whole or in part, because the negligence, carelessness, and/or fault of others, whether named or unnamed in this suit, proximately caused or proximately contributed to the alleged violations stated by Plaintiff.

g. As a further, separate affirmative defense, Defendant did not act with willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

h. The Commission's claims under Section 10(b) of the Exchange Act, Rules 10b-5(b) and 10b-5(c) thereunder, and Section 17(a)(1) of the Securities Act are barred because Defendant acted at all times in good faith and without the requisite scienter, intent, or recklessness to commit fraud or aid and abet a violation, having reasonably relied upon the disclosures, data, and information provided by the client.

i. Plaintiff's claims are barred, in whole or in part, because Defendant's conduct consisted entirely of routine legal services and did not constitute 'substantial assistance' in the achievement of any primary securities law violation under Section 20(e).

j. Defendant was acting within the scope of zealous legal representation of his clients, merely providing legal services and assisting in drafting of documents, all within the scope of representation, without knowledge of any actual fraud and not for personal financial gain Defendant enjoys immunity and qualified privilege

k. The Commission's claims are barred, in whole or in part, because the alleged misrepresentations or omissions were not material to a reasonable person under the circumstances.

l. The Commission's claims under Section 17(a)(2) and Section 17(a)(3) of the Securities Act, and any corresponding aiding and abetting claims, are barred because Defendant exercised reasonable care and due diligence under the circumstances and did not act negligently.

m. The Commission's claims under Rule 10b-5(b) and Section 17(a)(2) are barred because Defendant was not the "maker" of the alleged false or misleading statements, did not have ultimate authority over the statements, and did not state or omit any facts directly attributable to Defendant.

n. Plaintiff's claim for disgorgement is barred, in whole or in part, because the relief sought exceeds Defendant's net profits, fails to account for legitimate business expenses, and lacks a causal nexus to the alleged violations.

o. The Commission has failed to plead its fraud claims with the heightened particularity required by Federal Rule of Civil Procedure 9(b) and the PSLRA, failing to state with specificity the time, place, contents, and precise nature of the alleged fraudulent conduct.

p. The Commission's claim for aiding and abetting a violation of Section 17(a)(2) is barred because Defendant lacked the requisite knowledge of any primary violation and did not provide "substantial assistance" to any principal violator.

Defendant reserves the right to amend this Answer to assert additional affirmative or defenses as they become known or available through the course of discovery or further investigation.

**JURY DEMAND**

Defendant asserts and preserves his right to a trial by jury under the Seventh Amendment as to all claims and remedies sought by Plaintiff, including civil monetary penalties and disgorgement.

DATED: July 20, 2026

By: /s/ *Torben M. Welch*
Torben M. Welch, *pro se*
138 East 13800 South Suite C-1040
Draper, Utah 84020
435.244.6339
tmwpc@proton.me

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of July, a true and correct copy of the foregoing **ANSWER** was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified within the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

*/s/ Torben M. Welch*