**Charles J. Cole**
**Beacon Heart LLC**
**Heart of Humanity LLC**
**Avranoc LLC**
**Defendants *Pro Se***
**3911 Concorde Pike Way #8030**
**Wilmington, Delaware 19803**
**Ccole@avranoc.com**
**704-578-9111**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITY AND EXCHANGE COMMISSION,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CHARLES J. COLE,**<br>**TORBEN M. Welch,**<br>**BEACON HEART, LLC,**<br>**HEART OF HUMANITY, LLC and**<br>**AVRANOC, LLC,**<br><br>**Defendants,**<br><br>**and**<br><br>**THE INDIGENOUS NATIONS BANK,**<br>**DEREK A. THEISS, and**<br>**BARRY R. TAYLOR,**<br><br>**Relief Defendants.** | **<u>ANSWER TO COMPLAINT</u>**<br><br>**CASE NO. 1:26-cv-4945-VSB**<br><br>**JURY TRIAL DEMANDED** |

---

**ANSWER OF DEFENDANT CHARLES J. COLE, BEACON HEART, LLC, HEART OF HUMANITY, LLC AND AVRANOC, LLC**

---

Defendants Charles J. Cole and his wholly-owned single member entities, Beacon Heart, LLC, Heart of Humanity, LLC and Avranoc, LLC, appearing *pro se* (collectively referred to herein

as "Defendant"), does hereby respond to the Complaint filed by the United States Securities and Exchange Commission (the "Plaintiff") as follows:

## ANSWER

1-5. Defendant denies all allegations in Paragraphs 1-5.

***Violations***

6. Paragraph 6 is Plaintiff's own interpretation of the law. Defendant denies that it violated any such section.

7-9. There are no allegations in Paragraphs 7-9. If there are any allegations, Defendant denies the same.

10. Defendant admits that the Court has jurisdiction over this matter.

11. Defendant denies the statements contained in Paragraph 11.

12. Defendant denies that venue is proper.

13. Defendant admits the allegations of Paragraph 13.

14-17. The allegations set forth in Paragraphs 15-17 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

18-20. The allegations set forth in Paragraphs 18-20 are not directed at Defendant. Defendant is without sufficient information related to such allegations and therefore denies the same.

21-22. As to the information contained in Paragraphs 21 and 22, Defendant is without sufficient information related to such allegations and therefore denies the same.

23-24. As to the allegations contained in Paragraphs 23, Defendant states that it at no time "physically took possession of a bond" from another investor associates with Defendant Cole.

Plaintiff was provided information regarding that certain bond which was the subject of a Bond and Subscription Rights Transfer Agreement dated August 24, 2024 and a Side Letter Agreement dated August 30, 2024 agreement between Leandro Iliya, LLC (Dianna Glenn, Managing Member), Latham Capital, LLC (Martin Hale, President and CEO) and Infinite Reality. Defendant was not even aware of Infinity Reality's existence at this point and had no agreement with any of the parties. Such bond was registered in Leandro Iliya's account at VStock Transfer and never has been conveyed to Defendant. It was only when Infinite Reality discovered such bond was essentially without any value and threatened litigation against the other parties (as, upon belief, Infinite Reality had already announced a deal with Ms. Glenn and Mr. Hale) that Defendant was approached to assist. Infinite Reality was notified that Defendant's assets were not yet cash accessible, but Defendant was told by Infinite Reality that did not matter and they would wait. When Ms. Glenn and Mr. Hale learned that Infinity Reality was no longer interested in working with them, they began a multi-months long journey to subvert and undermine Defendant's transactions in order to create a false narrative which is the substance of the Complaint (including, upon information and belief, misleading testimony to the investigators).

25. Concerning the allegations contained in Paragraph 25, Defendant admits that subscription agreements were executed, but denies the remaining allegations.

26-35. Defendant denies the allegations in Paragraphs 26-35.

36. Concerning the allegations in Paragraph 36, Defendant states that neither the subscription agreement nor the subsequent Agreement with Infinite Reality contains any timing mechanisms or deadlines for delivery of cash from Defendant's assets. Defendant denies any other allegations in Paragraph 36.

37-54. Defendant denies the allegations in Paragraphs 37-54.

55. Defendant denies Defendant Cole obtained any loan from Prevail Holdings. Defendant denies the remaining allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant admits that the loan funds were delivered to co-defendant's former law firm, upon request of the lender. Lender authorized disbursement of the same in Defendant's sole discretion and for sole purposes. Lender's interest in conveying the loan was intended to allow the borrower, The Indigenous Nations Bank, a means to issue to lender a line of credit for $10 million (as well as a usurious interest amount). This is not stated in the loan documents per lender's choice, as it wanted the loan to be purpose free. Defendant denies the remaining allegations in Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant states that the funds were loan funds conveyed to the co-borrowers who were authorized to disburse as they deemed necessary. Defendant denies the remaining allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60, as Defendant Cole was a pledgor of the loan and not the principal borrower who is liable for the debt.

**FIRST CLAIM FOR RELIEF**

(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by Cole and Welch)

61. Paragraph 61 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 61 is deemed to be an allegation directed to Defendant, Defendant denies the same.

62-63. Defendant denies the allegations contained in Paragraphs 62-63.

**SECOND CLAIM FOR RELIEF**
(Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b) and (c) thereunder by Beacon Heart, Heart of Humanity and Avranoc)

64. Paragraph 64 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 64 is deemed to be an allegation directed to Defendant, Defendant denies the same.

65-66. Defendant denies the allegations contained in Paragraphs 65-66.

**THIRD CLAIM FOR RELIEF**
(Violations of Section 17(a) of the Securities Act by Cole)

67. Paragraph 67 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 67 is deemed to be an allegation directed to Defendant, Defendant denies the same.

68-69. Defendant denies the allegations contained in Paragraphs 68-69.

**FOURTH CLAIM FOR RELIEF**
(Violations of Section 17(a) of the Securities Act by Welch)

70. Paragraph 70 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 70 is deemed to be an allegation directed to Defendant, Defendant denies the same.

71-72. These allegations are not directed to Defendant. To the extent they are, Defendant denies the allegations contained in Paragraphs 71-72.

**FIFTH CLAIM FOR RELIEF**
(Aiding and Abetting Violations of Section 17(a)(2) of the Securities Act by Welch)

73. Paragraph 73 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 73 is deemed to be an allegation directed to Defendant, Defendant denies the same.

74-76. These allegations are not directed to Defendant. To the extent they are, Defendant denies the allegations contained in Paragraphs 74-76.

**SIXTH CLAIM FOR RELIEF**
(Unjust Enrichment Against Relief Defendants)

77. Paragraph 77 is an incorporation clause to which no response is necessary. To the extent that any part of Paragraph 77 is deemed to be an allegation directed to Defendant, Defendant denies the same.

78-81. The allegations contained in Paragraphs 78-81 are not directed to Defendant. To the extent the same are deemed allegations against Defendant, Defendant denies the same.

**Defendant denies each and every allegation in the Complaint not specifically, expressly and unequivocally admitted in this Answer.**

**AFFIRMATIVE AND OTHER DEFENSES**

a. The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted under Section 10(b) of the Exchange Act, Rules 10b-5(b) or 10b-5(c) thereunder, Section 17(a) of the Securities Act, or under a theory of aiding and abetting.

b. Plaintiff's claims may be barred by the applicable statutes of limitation.

c. Plaintiff's claims are barred to the extent precluded by the contractual documents between the parties at issue.

d. The allegations and any resultant violations complained of by Plaintiff may have been caused by third persons, events or condition not under the control or supervision of Defendant.

e. Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, acquiescence, waiver, conversion and unclean hands.

f. Plaintiff's claims are barred, in whole or in part, because the negligence, carelessness, and/or fault of others, whether named or unnamed in this suit, proximately caused or proximately contributed to the alleged violations stated by Plaintiff.

g. As a further, separate affirmative defense, Defendant did not act with willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

h. The Commission's claims under Section 10(b) of the Exchange Act, Rules 10b-5(b) and 10b-5(c) thereunder, and Section 17(a)(1) of the Securities Act are barred because Defendant acted in good faith, without intent to deceive, manipulate, or defraud, and without the requisite *scienter* or severe recklessness required by law.

i. The Commission's claims are barred, in whole or in part, because the alleged misrepresentations or omissions were not material to a reasonable person under the circumstances.

j. The Commission's claims under Section 17(a)(2) and Section 17(a)(3) of the Securities Act, are barred because Defendant exercised reasonable care and due diligence under the circumstances and did not act negligently.

k. The Commission has failed to plead its fraud claims with the heightened particularity required by Federal Rule of Civil Procedure 9(b) and the PSLRA, failing to state with specificity the time, place, contents, and precise nature of the alleged fraudulent conduct.

Defendant reserves the right to amend this Answer to assert additional affirmative or defenses as they become known or available through the course of discovery or further investigation.

**JURY DEMAND**

Defendant demands a trial by jury.

DATED: July 20, 2026

By: /s/ *Charles J. Cole*
Charles J. Cole, *pro se*
3911 Concorde Pike Way #8030
Wilmington, Delaware 19803
Ccole@avranoc.com
704-578-9111

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of July, a true and correct copy of the foregoing **ANSWER** was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified within the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

*/s/ Charles J. Cole*